UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-183 (DWF/ECW)

UNITED STATES OF AMERICA,

          Plaintiff,        **PLEA AGREEMENT AND**
                                            **SENTENCING STIPULATIONS**

v.

CHARLES RODACKER-WAYE,

          Defendant.

The United States of America and defendant Charles Rodacker-Waye (hereinafter referred to as "Rodacker-Waye" or the "defendant"), agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges.** The defendant agrees to plead guilty to Count Seven of the Indictment, which charges the defendant with distribution of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Count Eight of the Indictment, which charges the defendant with possessing and carrying a firearm in furtherance of, and during and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The defendant fully understands the nature and elements of the crimes with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining counts of the Indictment.

1

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count Seven and Count Eight of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On May 18, 2022, Rodacker-Waye sold 12 grams of fentanyl and a handgun for $3,800 to an individual who, unbeknownst to Rodacker-Waye, was working with law enforcement as a confidential informant. The transaction took place at 26th and Cedar in Minneapolis, Minnesota.

Rodacker-Waye previously sold drugs and a gun to the CI. On May 18, 2022, Rodacker-Waye got into the front passenger seat of the confidential informant's vehicle. Rodacker-Waye then sold the confidential informant 12 grams of fentanyl and a firearm for $3,800.

After handing the gun to the confidential informant, Rodacker-Waye explained "It's wiped down with bleach . . . ain't gotta rewipe it." Rodacker-Waye said "it's not loaded this time." As to the lasersight on the firearm, Rodacker-Waye further explained that "it's an infrared . . . you'll see a red dot right above the sight."

The firearm that Rodacker-Waye sold to the confidential informant was a Glock 23 GEN5, .40 caliber, semiautomatic pistol bearing serial number BMPL904. As Rodacker-Waye noted, the gun was equipped with an aftermarket holographic sight.

Rodacker-Waye admits and agrees that he knowingly possessed the Glock .40 pistol on May 18, 2022. Rodacker-Waye admits and agrees that in combination with selling the firearm, he also distributed a mixture and substance containing a detectable amount of fentanyl, a controlled substance, on May 18, 2022. Rodacker-Waye stipulates that the quantity of fentanyl for which he is personally responsible is 125.5 grams or more of a mixture and substance containing fentanyl. He further admits and agrees that he acted voluntarily and on purpose, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to

persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge him guilty without a trial.

5. **Additional Consequences**. The defendant understands that because of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**.

The defendant understands that Count Seven of the Indictment (Distribution of Fentanyl) is a felony offense that carries the following statutory penalties:

    a. a maximum of 20 years in prison;

    b. a supervised release term of up to 3 years;

    c. a fine of up to $250,000; and

    d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

The defendant understands that Count Eight of the Indictment (Carrying a Firearm in Furtherance of a Drug Trafficking Crime) is a felony offense that carries the following statutory penalties:

    a. a minimum sentence of five years in prison to run consecutively to Count Seven of the indictment;

    b. a maximum of life in prison;

      c.      a supervised release term of up to 5 years;

      d.      a fine of up to $250,000; and

      e.      a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

    a.    Base Offense Level. As to Count Seven, the parties agree that the base offense level is 24 because the offense involved at least 40 but less than 160 grams of fentanyl. U.S.S.G. § 2D1.1(a)(5) and (c)(8). The Sentencing Guidelines do not specify a base offense level for Count Eight. U.S.S.G. § 2K2.4(b).

    b.    Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

    c.    Chapter 3 Adjustments. The parties agree that, other than as provided herein, no Chapter 3 adjustments apply.

    d.    Acceptance of Responsibility. The Government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the Government of his intention to enter a plea of guilty, the Government agrees to recommend that he receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change-of-plea and sentencing hearings; (2) the defendant provides full, complete, and truthful information to the United States Probation Office in

    the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category III. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the pre-sentence investigation reveals any prior adult or juvenile sentences that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. <u>Guidelines Range</u>. If the adjusted offense level is 21, and the criminal history category is III, the Sentencing Guidelines range for Count 7 is 46 to 57 months in prison. To this must be added a 60-month consecutive sentence as to Count Eight, which would result in a combined guideline sentence of 106 to 117 months in prison.

g. <u>Fine Range</u>. If the adjusted offense level is 21, the Sentencing Guidelines fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3).

h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 1 but not more than 3 years. U.S.S.G. § 5D1.2(a)(2).

8. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and he could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties both agree to waive their respective rights to seek departures, and will ask for a sentence within that sentencing guidelines range, as determined by the Court. If the Court

does not accept the sentencing recommendation of the parties, neither party will have no right to withdraw from the plea agreement.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3, which becomes due and payable at sentencing. The defendant agrees to pay the $200 special assessment.

12. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm with accessories and any ammunition involved in the violation charged in Count One of the Indictment, including but not limited to the Glock 23 GEN5, .40 caliber, semiautomatic pistol bearing serial number BMPL904.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, and waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant also consents to the destruction of the property described above and waives all statutory and constitutional defenses to their forfeiture.

13. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence, restitution, and the constitutionality of the statutes to which he is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the

defendant of the substantive reasonableness of a term of imprisonment above 117 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. The United States agrees to waive its right to appeal any sentence except the United States may appeal the substantive reasonableness of a term of imprisonment below 106 months' imprisonment.

14.     **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

15. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 10-25-2022

ANDREW M. LUGER
United States Attorney

_____
JOSEPH H. THOMPSON
Assistant United States Attorney

Date: 10-25-2022

_____
CHARLES RODACKER-WAYE
Defendant

Date: 25 OCT 2022

_____
DANIEL GERDTS
Counsel for Defendant